IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEJANDRA DIEHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 C 8139 |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | Magistrate Judge Susan E. Cox |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Alejandra Diehl seeks reversal of the Administrative Law Judge's decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act.[1] A motion for summary judgment has been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). For the reasons outlined, plaintiff's motion is granted [dkt. 17], and defendant's motion denied [dkt. 21].

## STATEMENT

Plaintiff Alejandra Diehl sought disability benefits for debilitating back and joint pain that resulted from a fall in July of 2010 at her job.[2] On August 9, 2012, Diehl's application was denied by Administrative Law Judge Melissa Olivero ("ALJ"), who determined that she could still perform sedentary work.[3] The ALJ based her decision principally on the "very limited and

---
[1] 42 U.S.C. §405(g).
[2] R. at 29-30.
[3] R. at 29-31.

1

sparse treatment record"[4] and finding Diehl's allegations less than credible.[5] Diehl's motion argues that remand is warranted because the ALJ gave little weight to the independent medical examiner, Kimberly Middleton, M.D., and asserts that she improperly assessed plaintiff's credibility as it related to her RFC determination.

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act,[6] if it is supported by substantial evidence, and if it is free of legal error.[7] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[8] Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[9] A "minimal[] articulat[ion] of her justification" is enough.[10]

It is certainly true that the medical record in this case is sparse. Diehl fell in July 2010 and only sought treatment three times – in August, September and October 2010 – before applying for disability benefits. As part of her application Diehl underwent a consultative exam by Dr. Middleton in July 2011, and was not examined again until just before her hearing date when she visited the hospital three times in March 2012 complaining of back pain.[11]

Nonetheless, we find troubling the ALJ's decision to give little weight to Dr. Middleton, who ultimately concluded that Diehl "appears to be disabled," and that she "would have difficulty performing work at this time,"[12] and gave "less than great weight" to the other medical

---

[4] R. at 32.
[5] R. at 33.
[6] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[7] 42 U.S.C. § 405(g).
[8] *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
[9] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[10] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).
[11] R. at 32.
[12] R. at 351.

consultants who concluded that Diehl could perform light work.[13] It appears, therefore, that the ALJ did not base her ultimate conclusion on the available medical evidence. Regarding Dr. Middleton's opinion, the ALJ stated that the doctor did not provide functional limitations and that her opinion was inconsistent with her own findings and the other medical evidence. The Commissioner argues that the necessary "logical bridge" to support this conclusion is the ALJ's citation to treatment notes from Diehl's hospital visits that showed Diehl with a normal gait and an ability to ambulate without difficulty. It is true that the ALJ referenced Diehl's limp at the hearing, yet she was able to walk at two of her hospital visits.[14] Though that point may be relevant for the credibility assessment, especially considering its contrast from Diehl's examination with Dr. Middleton, that alone is not sufficient to support a denial of disability.[15] Simply because Diehl ambulated without difficulty at an emergency room visit, for example, but exhibited difficulties ambulating with Dr. Middleton, would not discredit (without more explanation) Dr. Middleton's examination or her ultimate finding that she would have difficulty working. As argued by Diehl, the ALJ did not explain how she rejected Dr. Middleton's opinion based on inconsistencies with other evidence when the record contained additional evidence that was, in fact, consistent with Dr. Middleton's opinion (for example, hospital visits that show Diehl suffered from reduced range of motion of the back, disc herniation, and pain).[16] We agree. An ALJ may provide specific reasons to reject an examining physician's opinion, but with that must be some explanation of how that opinion conflicts with other objective medical evidence.[17]

---

[13] R. at 33.
[14] R. at 32.
[15] *See Luster v. Astrue,* 358 Fed.Appx. 738, 741 (7th Cir. 2010)(noting that nothing in the record explained how the ailment at issue affected the plaintiff's capacity to work; the ALJ had to build the "logical bridge" from the ailment to the conclusion that it precluded employment).
[16] R. at 415-16.
[17] *See Givens v. Colvin,* 551 Fed.Appx. 855, 860 (7th Cir. 2013)(finding the ALJ adequately explained why she gave little weight to the examining physician's opinion by including, for example, reference to "modest level of change shown on the MRI" and noting that the studies did not show "any nerve root compression… .").

The overarching difficulty with this case is the sense that the ALJ did not believe Diehl, precisely because of her lack of medical treatment. The ALJ asked whether Diehl's financial limitations hindered treatment, but ultimately found Diehl's reason for failing to seek out low cost care to be "vague."[18] The ALJ struggled with the disconnect between the limited treatment records and Diehl's allegations of debilitating pain and her need to lie down for up to ten hours a day. And in determining a claimant's residual functional capacity, the ALJ must assess the credibility of the claimant's testimony in light of her medical records.[19] But the reasons given by the ALJ do not allow for a sufficiently meaningful review.[20] For example, the ALJ found Diehl's "activities of daily living do not support a finding of disability" because she is "able to care for her four-year old son" and "they paint, he does school work and sometimes asks her to watch movies."[21] But helping a child paint or do schoolwork does not contradict Diehl's claims that she has difficulty in her daily activities, is in severe pain, and must frequently lie down during the day. We find the ALJ failed to adequately build the "logical bridge" between the evidence and her conclusion and this requires more explanation.[22]

**ENTER:**

**DATED:** <u>March 12, 2015</u>  /s/ Susan E. Cox

                                                                        Susan E. Cox
                                                                         United States Magistrate Judge

---

[18] R. at 32.
[19] *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).
[20] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)(noting the Court's role to determine whether the ALJ's decision "reflects a logical bridge from the evidence to the conclusions" to allow it to afford the plaintiff a "meaningful judicial review.").
[21] R. at 32.
[22] *Moore*, 743 F.3d at 1121(finding that "[a] decision that lacks adequate discussion of the issues will be remanded.").